UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PEDRO OSCENIO DIAZ, EDGAR SANDOVAL
RESENDIZ, JAVIER LOPEZ PINEDA, OSWALDO
BONILLA, ERICA HAMM, MARIO ATROCE,
TIMOTHY DUBLYNN AND EMIN GAVRILOV,
on behalf of themselves and all others similarly
situated,

                           Plaintiffs,

    -against-

MARC OF NEW YORK LLC d/b/a A VOCE
RESTAURANT, and MARLON ABELA

                           Defendants.
-------------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-26-09

08 Civ. 10396 (VM)

**ECF CASE**

**FINAL ORDER AND JUDGMENT
GRANTING PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF SETTLEMENT, ATTTORNEYS'
FEES AND INCENTIVE AWARDS**

The above-captioned matter came before the Court on plaintiffs' Motion for Final Approval of Settlement, Attorneys' Fees, and Incentive Awards (the "Motion for Final Approval"). (Docket No. 18).

On December 2, 2008, plaintiffs Pedro Oscenio Diaz, Edgar Sandoval Resendiz, Javier Lopez Pineda, Oswaldo Bonilla, Erica Hamm, Mario Atroce, Timothy Dublynn, and Emin Gavrilov (collectively, "plaintiffs" or "Class Representatives") filed a Complaint (the "Lawsuit") on behalf of themselves and all others similarly situated, alleging that defendants MARC of New York LLC d/b/a A Voce Restaurant and Marlon Abela (collectively, "A Voce" or "defendants") violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The Lawsuit asserted, *inter alia*, that defendants failed to pay plaintiffs and Class Members the appropriate minimum wage, failed to pay plaintiffs and Class Members for all hours

worked over forty hours, and, through an involuntary tip pool, improperly diverted a portion of the tips to non-tipped employees, including the Wine Director, a silver polisher, and kitchen expediters. The Lawsuit sought, *inter alia*, recovery of unpaid wages, disgorgement of tip income, disgorgement of the tip credit taken by defendants against plaintiffs' wages, back pay for all unpaid overtime, liquidated damages, punitive damages, penalties, interest, attorneys' fees, costs, and equitable relief.

The parties engaged in extensive discovery before agreeing to resolve this case. Class Counsel and defendants' counsel have each vigorously investigated the allegations against defendants. As part of these investigations, defendants produced plaintiffs' personnel files, wage and payroll records, including daily time sheets, ADP reports, daily and weekly payroll worksheets, tip-sheets, and time records. Class Counsel has reviewed and analyzed all of the wage records and other information produced by defendants relating to the putative class.

The parties agreed to hold a voluntary mediation ("Mediation") before Ruth D. Raisfeld (the "Mediator"), an experienced wage and hour mediator, in an attempt to resolve the issues pending before the Court. The Mediation was held on April 22, 2009, at the offices of defendants' counsel. Present at the Mediation were three of the Class Representatives, defendants, defendants' counsel, and Class Counsel. At the Mediation, which extended late into the evening, the parties were able to reach an agreement in principle to settle the Lawsuit.

The settlement amount of $375,000 is a compromise figure, which takes into account what the parties contended were risks regarding proof of certain employees' true job duties and the difficulty in establishing plaintiffs' time-shaving claims, as well as other defenses asserted by defendants. The settlement amount includes all payments of class claims, attorneys' fees, costs, and the Class Representatives' incentive awards.

2

A Voce opened in January 2006, within the three-year statute of limitations for FLSA claims. Therefore, all non-exempt tipped employees who worked for A Voce prior to April 22, 2009 are eligible to take part in the Class, subject to Court approval, and to opt-in to the FLSA sub-class. The eligible non-exempt tipped employees include those employees who held the position of captain, sommelier (excluding Olivier Flosse), server, runner (excluding Syrriki Sylla), barista/bread, and bartender ("Tipped Employees").

According to the Settlement Agreement, each Class Member will receive a pro-rata share of the NFV, which shall be determined based on the number of hours each Class Member worked within the applicable time period, the last position the Class Member held at A Voce, and whether the Class Member also submitted a "Consent to Join" form to claim FLSA damages.

Class Counsel seeks attorneys' fees in the amount of $125,000, or one-third of the Settlement Fund. Class Counsel does not seek an additional award for reimbursement of costs.

Class Counsel also seeks approval of incentive awards totaling $10,000 to be paid to three of the Class Representatives, whose efforts in large part brought about this settlement.

On July 22, 2009, this Court entered an Order preliminarily approving the Settlement and authorizing dissemination of notice (the "Notice") to members of the proposed settlement class (the "Class Members"). The Notice informed Class Members of their rights under the Settlement Agreement, the method by which their individual awards would be calculated, and their right to opt-out of the settlement class, opt-in to the FLSA action, or object to the Settlement. The Notice also stated Class Counsel's

intent to seek incentive awards for the three Class Representatives and to seek attorneys' fees amounting to one third of the Settlement.

No individuals filed objections to the Settlement.

Pursuant to the Preliminary Approval Order, plaintiffs filed their Motion for Final Aproval. Defendants did not oppose any portion of this motion.

The Court held a final fairness hearing on October 24, 2009 (the "Fairness Hearing").

Having considered the Motion for Final Approval, the supporting memorandum of law, the Declaration of D. Maimon Kirschenbaum, the oral arguments presented at the Fairness Hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Court hereby grants certification of the Settlement Class and appoints Joseph, Herzfeld, Hester and Kirschenbaum LLP and Berke-Weiss & Pechman LLP as Class Counsel.

2. The Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth in the Settlement Agreement and in this Order under Rule 23 and the FLSA. The settlement is fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)).

3. The $375,000 settlement amount is substantial and includes meaningful payments to Class Members. In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated. It was the result of vigorous arms-length negotiations, which were undertaken in good faith by counsel with extensive experience in litigating wage and hour class actions, and serious questions of law and

fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. See *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001).

4. The parties' judgment that the settlement is fair and reasonable, as well as the Settlement Class's favorable response to the settlement, weigh in favor of final approval of the settlement.

5. The Settlement shall be effective fifteen days after entry of this Order if no appeal is taken of this Order. If an appeal is taken in this matter, the effective date shall be fifteen days after the appeal is withdrawn or after an appellate decision affirming this final approval decision becomes final.

6. Upon the effective date of the settlement, each Class Member shall have released all NYLL claims asserted in this lawsuit through April 22, 2009, including all NYLL claims for misappropriated tips, unpaid wages, interest, liquidated damages, and attorneys' fees and costs related to such claims.

7. All plaintiffs who opted into the FLSA Collective forever and fully release defendants from all FLSA claims asserted in this lawsuit through April 22, 2009, including all FLSA claims for unpaid minimum wages, liquidated damages, and attorneys' fees and costs related to such claims.

8. The Court also approves the FLSA settlement and finds that it is a fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

9. The Court hereby grants Class Counsel's request for attorneys' fees in the amount of $125,000, or one-third of the $375,000 settlement fund. This amount is to be paid from the settlement fund.

10. The Court finds that the amount of fees requested is fair and reasonable using the "percentage of recovery" method, which is consistent with the trend in the Second Circuit. *See, e.g. Duchene v. Michael Cetta, Inc. d/b/a Sparks Steak House*, 2009 U.S. Dist. LEXIS 85955, *8 (S.D.N.Y. Sept. 10, 2009); *Hicks v. Morgan Stanley & Co.*, 2005 U.S. Dist. LEXIS 24890, at *22 (S.D.N.Y. Oct. 24, 2005) ("The trend in the Second Circuit recently has been to use the percentage method.").

11. Class Counsel's request for one-third of the settlement fund is also consistent with the trend in the Circuit. *Duchene*, 2009 U.S. Dist. LEXIS 85955 at *9 (citations omitted).

12. The attorneys' fees requested were entirely contingent upon success in this litigation. Class Counsel expended significant time and effort and advanced costs and expenses without any guarantee of compensation.

13. The Court finds that an award of $5,000 to plaintiff Mario Atroce and $2,500 each to plaintiffs Timothy Dublynn and Pedro Alarcon is reasonable in light of the efforts they have expended in furthering the interests of the Settlement Class. This amount is to be paid from the settlement fund.

14. Within fifteen days of the effective date, defendants shall forward to Class Counsel settlement checks to each Class Member in amounts to be provided by Class Counsel, Class Counsel's attorneys' fees, and the incentive awards to Atroce, Dublynn, and Alarcon.

15. Upon the effective date of this settlement, this action shall be dismissed with prejudice.

16. The Clerk of the Court is directed to close this case without further order of this Court fifteen days after entry of this Order.

It is so ORDERED this 22nd day of October, 2009.

_____
Honorable Victor Marrero
United States District Judge

SO ORDERED. The Clerk of Court is directed to withdraw any pending motions in this action and to close this case.

SO ORDERED.

10-23-09
Date

Victor Marrero, U.S.D.J.

7